1  TOMAS E. MARGAIN, Bar No. 193555
   Justice at Work Law Group
2  84 West Santa Clara Street, Suite 790
   San Jose, CA 95113
3  Telephone: (408) 317-1100
   Facsimile: (408) 351-0105
4  Tomas@JAWLawGroup.com

5  Attorney for Plaintiff
   JUAN MURGIA,
6

7

8                **UNITED STATES DISTRICT COURT**

9
                **NORTHERN DISTRICT OF CALIFORNIA**
10

11

12  )  Case No.    **14-4864**
    )
13  JUAN MURGIA,                    )
    )
           Plaintiff,               )  **COMPLAINT FOR STATUTORY**
14                                  )  **VIOLATIONS UNDER THE FLSA,**
                                    )  **UNPAID WAGES, PENALTIES AND**
15                                  )  **ATTORNEYS' FEES FOR:**
                                    )
16      v.                          )  Federal FLSA Claim:
                                    )
17                                  )  1. Failure To Pay Overtime: 29 U.S.C. §§
                                    )  207, 216(B), And 255(A)
18   S&H CONSTRUCTION, INC.,        )
    ALLEGHENY CASUALTY COMPANY, a   )  California Pendant State Claims:
19  Pennsylvania corporation, and CITY OF )  2. Violation Of Statutory Duty For Breach
    MILPITAS                        )  Of Labor Code §§ 201, 202, 218.5, 1194,
20                                  )  1194.2; 1771 & 1774;
           Defendants               )  3.  Labor Code § 203 Penalty;
21                                  )   4.  Recovery Under Public Works
                                    )  Payment Bonds, Civil Code;
22                                  )   5. Labor Code § 203.5 Penalty; and
                                    )  6. Foreclose on Stop Notice .
23  ─────────────────────────────

24

25

26

27

28

**FLSA COMPLAINT**                      1

JUSTICE AT WORK
LAW GROUP

1

## I.    NATURE OF THE CASE

2      1.      Plaintiff JUAN MURGIA (hereinafter referred to as "Plaintiff"), brings claims for

3  earned but unpaid overtime wages under the Fair Labor Standards Act and pendant wage, penalty

4  and liquidated damages claims arising out of the California Labor Code, claims under a Public

5
6  Work "Statutory Payment Bond" which have contractual terms that are governed by the

7  California Civil Code, and to foreclose on a Stop Notice.  The claims primarily arises out of work

8  performed by Plaintiff for Defendant S&H CONSTRUCTION, INC. (hereinafter "S&H

9  CONSTRUCTION") on a public works construction project in Milpitas for the CITY OF

10  MILPITAS called the Milpitas Sports Center Locker Room Renovation.  However, it includes

11  other projects including a second known public works project in Santa Clara County believed to

12  be for the Evergreen School District.

13      2.      Plaintiff seeks as against Defendant S&H CONSTRUCTION compensatory

14
15  damages for unpaid overtime wages in addition to liquidated damages under 29 U.S.C. § 216(b),

16  unpaid wages under California law California Labor Code §1194 and/or 200, 201, 202 and 218.5,

17  waiting time penalties under California Labor Code § 203, an assessment under California Labor

18  Code §1194.2, and attorney's fees, costs, and pre-judgment interest pursuant to California Labor

19  Code §1194(a) and 29 U.S.C. § 216(b).

20      3.      Plaintiff also makes claims on the FOURTH AND FIFTH COUNTS ONLY on a

21
22  Statutory Payment Bond issued by ALLEGHENY CASUALTY COMPANY, a Pennsylvania

23  corporation, on the Milpitas Sports Center Locker Room Renovation.  The bond is attached

24  hereto as Exhibit 1 and the terms are hereby incorporated into this Complaint as if set forth in full.

25  Moreover, a written verified claim was made to Defendant ALLEGHENY CASUALTY

26  COMPANY prior to the filing of this lawsuit.

27  ///

28

**FLSA COMPLAINT**                              2

JUSTICE AT WORK
LAW GROUP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUSTICE AT WORK
LAW GROUP

4.     Plaintiff' claims can be summarized as follows:

(a)     <u>Failure to pay FLSA and Cal. Labor Code Required Overtime Wages</u>:

Plaintiff was hired by Defendant S&H CONSTRUCTION, to work on Bay Area public works projects subject to the payment of prevailing wages.  Plaintiff worked on two known Public Works projects, subject to the payment of prevailing wages, as a laborer.  He was promised at some point $25.00 an hour and was frequently paid in cash and was not paid any recognizable prevailing wage.  Defendant S&H CONSTRUCTION submitted certified pay records showing that they paid Plaintiff the correct prevailing wage for a laborer but for significantly less than all hours worked.  Defendant S&H CONSTRUCTION also took 15% of the cash pay to supposedly pay deductions.  Plaintiff routinely was worked over 40-hours a week and was paid for hours at $25.00 an hour, without overtime, and with the 15% deduction.

(b)     <u>Claims on Bond</u>:

Defendant ALLEGHENY CASUALTY COMPANY issued a bond on the project called Milpitas Sports Center Locker Room Renovation which encompassed claims for unpaid wages, assessments, interest and attorneys' fees and costs.  Under California Law, Labor Code section 203.5, SURETY DEFENDANTS are also liable for an assessment based on their willful failure to properly investigate and pay out on the verified claims. A written verified claim was made on or about July 14, 2014 when Plaintiff caused to be filed a Stop Notice in the amount of $14,204.16 with the City of Milpitas and copied Defendant ALLEGHENY CASUALTY COMPANY.  Plaintiff through counsel then sent, prior to litigation being commenced, a letter with the evidence he had and then a verification under penalty of perjury as to the factual basis of his claim.  In response, and at various times, ALLEGHENY CASUALTY COMPANY abdicated its duty to investigate the claim by having S&H CONSTRUCTION handle and deal with the problem.  The claims handling subjects ALLEGHENY CASUALTY COMPANY to

liability under Labor Code § 203.5 in the form of a Penalty.  Finally, on October 23, 2014,

Plaintiff through counsel mailed a certified letter to ALLEGHENY CASUALTY COMPANY,

by certified mail, to include the Stop Notice, evidence, and worker declaration in one mailing.

      (c)   <u>Foreclose on Stop Notice</u>:

On or about July 14, 2014, Plaintiff caused to be filed a Stop Notice in the amount of

$14,204.16 with the City of Milpitas.  A true and correct copy of the transmittal letter and Stop

Notice is attached hereto as Exhibit 2.

      (d)   Penalties, Liquidated Damages, Interest and Attorneys Fees and Costs for the

above:

Defendants are liable for the various penalties, assessments, interest costs and attorneys

fees as plead herein.

**SUBJECT MATTER JURISDICTION AND VENUE**

5.    This Court is a proper venue, since events giving rise to this lawsuit have occurred in this

District.

6.    Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards

Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.  Defendants' gross sales

meet the jurisdictional minimum of the Fair Labor Standards Act and their business involves

products that move through interstate commerce.

**PARTIES TO THE ACTION**

7.   Plaintiff JUAN MURGIA was and at all relevant times herein are individuals over the age

of eighteen and residents of California.

8.   Plaintiff is informed and believes and therefore alleges, that at all times mentioned herein

S&H CONSTRUCTION is a corporation, or other entities authorized to conduct business

in the State of California, doing business as contractor and/or sub-contractor on Public

JUSTICE AT WORK
LAW GROUP

Works and Private Construction projects throughout Northern California.  S&H CONSTRUCTION is the employer of Defendants.

9.  SURETY BOND DEFENDANTS, including Defendant ALLEGHENY CASUALTY COMPANY, are various entities that issued surety and/or construction bonds on jobs in which PLAINTFF performed labor, was not paid correctly, and on which timely verified claims were made.

10.  The CITY OF MILPITAS is a public entity and awarding body on the Milpitas Sports Center Locker Room Renovation.  Based on information and belief, it withheld 125% of the Stop Notice amount found at Exhibit 2.

## GENERAL ALLEGATIONS

11. Plaintiff was employed by S&H CONSTRUCTION to provide services as laborer on public works projects and were paid the wrong pay scale, were not paid overtime wages when due and owing and not paid for all hours worked.   He was paid $25.00 an hour instead of a prevailing wage, was paid in cash and check, was not paid overtime, was told that 15% of his wages were being withheld to pay for taxes when he was paid in cash and was not paid for all hours worked.

12. S&H CONSTRUCTION had Plaintiff work as laborer a well recognized craft which has a Prevailing wage which is a minimum wage obligation on public works projects.

13. S&H CONSTRUCTION submitted false Certified Pay Records wherein is showed Plaintiff being paid as a laborer for a fraction of the hours he in fact worked.

14. Plaintiff worked for S&H CONSTRUCTION on the Milpitas Sports Center Locker Room Renovation project in Milpitas as a laborer.

15. As part of its obligations as a contractor on a public works project, S&H CONSTRUCTION purchased a statutory Payment Bond issued by Defendant

JUSTICE AT WORK
LAW GROUP

FLSA COMPLAINT                                    5

ALLEGHENY CASUALTY COMPANY.  A true and correct copy of the Payment Bond is attached hereto as Exhibit 1 and fully incorporated herein by reference.

16. On or about July 14, 2014, Plaintiff transmitted a written notice DEFENDANT ALLEGHENY CASUALTY COMPANY by copying it on a Stop Notice, which is a verified claim, signed under penalty of perjury.  Attached as Exhibit 2 is a true and correct copy of the transmittal letter.

17. On or about October 16, 2010, Plaintiff through his attorney transmitted a letter to ALLEGHENY CASUALTY COMPANY with a written declaration from Plaintiff signed under penalty of perjury providing a factual basis for his claim.   This followed a letter of September 22, 2014 to ALLEGHENY CASUALTY COMPANY, wherein Plaintiff through his attorney, sent an audit and calendar of Plaintiff to supplement his claim. Finally, on October 23, 2014, Plaintiff through his attorney sent ALLEGHENY CASUALTY COMPANY a certified letter in which the Stop Notice, Evidence and Statement was transmitted.

18. Based on information and belief, DEFENDANT ALLEGHENY CASUALTY COMPANY took few if any steps to timely investigate and pay out on the verified claims made.

19. Plaintiff was not paid all wages and for all hours worked, including overtime wages when due and owing, by S&H CONSTRUCTION.

20. Plaintiff had to be paid for all hours worked by S&H CONSTRUCTION and they was not paid all wages for all hours worked.

21. Plaintiff had to be compensated a "prevailing wage" based on the labor discharged.

22. S&H CONSTRUCTION compensated Plaintiff for their labor at a rate of pay below the prevailing wage rate of pay for the classification of their labor.

JUSTICE AT WORK
LAW GROUP

23. S&H CONSTRUCTION did not compensate Plaintiff, who they respectively employed, for their labor by making any fringe benefit contributions that could offset the prevailing wage rate of pay for the classification of their labor.

24. On or about July 14, 2014, Plaintiff transmitted a Stop Notice with the City of Milpitas for it to withhold 125% of the Stop Notice amount. Based on information and belief, this amount was withheld and this action to foreclose on the Stop Notice, attached hereto as Exhibit 2, follows.

**COUNT ONE**
**FEDERAL CLAIM**
*Violation of the Fair Labor Standards Act*
*29 U.S.C. §§ 207, 216(b), and 255(a)*
*Failure to Pay Overtime Wages*

25. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-24 as if fully stated herein.

26. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

27. The S&H CONSTRUCTION operates a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

28. S&H CONSTRUCTION routinely required and/or suffered or permitted Plaintiff to work more than 40 hours per week without paying all of his wages for such overtime work.

29. In failing to pay Plaintiff overtime wages at one-and-one-half times their regular rate of pay, S&H CONSTRUCTION. Defendants willfully violated the FLSA.

30. As a direct and proximate result of S&H CONSTRUCTION' failure to pay the Plaintiff proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

31. S&H CONSTRUCTION intentionally, with reckless disregard for its responsibilities under the FLSA, and without good cause, failed to pay Plaintiff his proper wages, and S&H CONSTRUCTION is thus liable to Plaintiff for liquidated damages in an amount equal to his lost wages over a three year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

32. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA.

**COUNT TWO**
**PENDENT STATE CLAIM**

*VIOLATION OF STATUTORY DUTY FOR BREACH  OF*
*LABOR CODE §§ 200, 201, 202, 218.5, 1194, 1194.2, 1771 & 1774*

33. Plaintiff incorporates by reference as though fully set forth herein each of the allegations of Paragraphs 1 through 32.

34. At all times mentioned herein, S&H CONSTRUCTION were subject to the minimum wage requirements of the State of California pursuant to Labor Code § 1194  and prevailing wage laws of the State of California.  Pursuant to Labor Code §1194 S&H CONSTRUCTION had a duty to pay their employees, including Plaintiff, not less than the minimum required hourly rate of pay and legal overtime wage.

35. There is a private right of action to bring a Prevailing Wage claim under Labor Code sections 218.5 and 1194.  Plaintiff brings claims under both sections.

36. The failure to pay the prevailing wage, which is also a minimum wage, subjects, S&H CONSTRUCTION to an assessment of the unpaid wage difference pursuant to Labor Code § 1194.2 for their respective employees who were not paid the minimum wage.

37. At all times mentioned herein, S&H CONSTRUCTION was subject to the prevailing wage laws of the State of California pursuant to Labor Code §§ 1771, regarding work

JUSTICE AT WORK
LAW GROUP

undertaken on public construction projects, including work undertaken on the projects listed above.  Pursuant to Labor Code §§ 1771 S&H CONSTRUCTION had a duty to pay their employees on such projects, including Plaintiff, not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed, and not less than the general prevailing rate of per diem wages for holiday and overtime work.

38. At all times mentioned herein, S&H CONSTRUCTION were subject to the prevailing wage laws of the State of California pursuant to Labor Code §§ 1774, regarding work undertaken on public construction projects.  Pursuant to Labor Code §§ 1774, S&H CONSTRUCTION had a duty to pay their employees on such projects, including Plaintiff, not less than the specific prevailing rates of wages to all workmen employed in the execution of the contract of the PROJECTS.

39. Plaintiff is informed and believes and based thereon contends that the per diem wages and prevailing wages required to be paid pursuant to Labor Code §§ 201, 201, 201, 218.5, 1194, 1771 and 1774 are set forth in annual and semi-annual bulletins published by the California Department of Industrial Relations.

40. Plaintiff's employment periods, hours worked, and trade classification is based on individual employment as described above and as will be proved at trial.

41. Plaintiff is informed and believe and based thereon contend that he was paid less than the minimum required general prevailing rate of per diem wages for work and less than the minimum required prevailing rate of per diem wages for holiday and overtime work for their work on the PROJECTS as required by Labor Code §§ 201, 201, 201, 218.5, 1194, 1771 and 1774.

42. Plaintiff is informed and believes and based thereon contends that said defendants, and each of them, violated Labor Code §§ 201, 201, 201, 218.51194, 1194.2, 1771 and 1774, specifically by failing and refusing to comply with the statutory duty to pay Plaintiff' prevailing wages as required by the contracts and by statute, or ensure that Plaintiff was paid prevailing wages as required by the contracts and by statute.

43. As a result of S&H CONSTRUCTION'S violations of statutory duties, as more fully set forth above, Plaintiff' earned but was not paid wages in an amount above the jurisdictional limits of this court.

44. Plaintiff seek as earned but were not paid wages the difference between the amount actually paid and the prevailing wage rate as determined by the Director of Industrial Relations.  Plaintiff's audits and investigations are continuing, however, the amounts claimed are above the jurisdictional minimum requirements of this court.  Plaintiff will seek leave of court to amend this Complaint according to proof at the time of trial.

45. Plaintiff is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

46. Plaintiff seeks is entitled to an assessment of the unpaid minimum wage under Labor Code § 1194.2.

47. Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demand such reasonable attorneys' fees and costs as set by the court.

### THIRD COUNT
### PENDENT STATE CLAIM

*LABOR CODE § 203 PENALTIES*

48. Plaintiff incorporates by reference as though fully set forth herein each of the allegations of Paragraphs 1 through 47.

49. Plaintiff is a former employee of S&H CONSTRUCTION, who was discharged or quit. Plaintiff is informed and believes and based thereon alleges that defendants owed unpaid wages at the conclusion of their employment.

50. Plaintiff is informed and believes and based thereon contends that they submitted claims for wages now due.

51. Plaintiff is informed and believes and based thereon contends that within the last three years S&H CONSTRUCTION willfully failed to pay Plaintiff' claims for compensation due to them as set forth above, and as required by Labor Code §201 and §202.  Under Labor Code § 203, S&H CONSTRUCTION is liable to Plaintiff for a penalty of thirty-day wage at the legally required prevailing wage rate.

52. Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demand such reasonable attorneys' fees and costs as set by the court.

### FOURTH COUNT
### PENDENT STATE CLAIM

*RECOVERY UNDER PUBLIC WORKS PAYMENT BOND*

53. Plaintiff re-alleges and incorporates the foregoing allegations as if fully stated herein.

54. Plaintiff is informed and believes and based thereon contends that contemporaneously with the execution of the Contracts for the PROJECTS that S&H CONSTRUCTION as principals, and SURETY DEFENDANT ALLEGHENY CASUALTY COMPANY, as surety, executed a Payment Bond for Labor and Materials for the purpose of complying with California's Civil Code, including but not limited to sections 9950 and 9954, which was thereafter filed with and approved by the respective awarding body.

55. The bonds were conditioned, and provided that if The GENERAL CONTRACTORS or any of its subcontractors, including S&H CONSTRUCTION, and each of them, failed to

1  pay for any work or labor performed on the aforementioned projects of any kind, that the

2  surety on the bond would pay the same.

3  56. True and Correct copies of the Bond is attached hereto as Exhibits 1 and its terms are

4  incorporated into this Complaint as is set here forth by reference.  The bond by the

5  instrument and by the incorporation of the Civil Code sections therein cover: (1) unpaid

6  wages; (2) accrued interest; (3) penalties or assessments; and (4) attorneys' fees and costs.

7  57. Plaintiff is informed and believes and based thereon contends that as a further condition of

8  the payment bond on the PROJECTS, SURETY DEFENDANTS, and each of them,

9  promised and agreed to pay reasonable attorneys' fees to be fixed by the court in case suit

10  was brought on the bond and undertaking.

11  58. A written notice as provided in Civil Code and bonding instrument was given to the surety

12  and bond principal within 75 days after completion of the improvement.  No preliminary

13  20-day notice was given as Plaintiff actually performed labor for a subcontractor and were

14  not themselves a contractor or subcontractor on the project.

15  59. Prior to filing the Complaint, Plaintiff and his agents made various demands on SURETY

16  BOND DEFENDANT for the amount due and owing, and the aforesaid defendant has

17  failed and refused, and continue to fail and refuse, to pay the amounts demanded, or any

18  amount whatsoever to Plaintiff.   Attached as Exhibit 2 is the certified letter and verified

19  Claim submitted.  This was followed up with an accounting, calendar and statement under

20  penalty of perjury.

21  60. Under California's Civil Code and the bonding instruments, including but not limited to

22  Civil Code sections 9960 and 9964, Plaintiff are entitled to an award of reasonable

23  attorneys fees in the sum to be fixed by the Court, for costs of suit, and for prejudgment

24  interest as set by law.

JUSTICE AT WORK
LAW GROUP

**FLSA COMPLAINT**                                              12

61. Plaintiff is informed and believe and based thereon allege that there is now due, owing and unpaid from S&H CONSTRUCTION wages for labor performed on the PROJECTS by Plaintiff.  Plaintiff seek as damages the difference between the amount paid and the prevailing wage rate as determined by the Director of Industrial Relations and for payment for all condensable hours worked on the projects. The bonds by the instrument and by the incorporation of the Civil Code sections therein cover: (1) unpaid wages; (2) accrued interest; (3) penalties or assessments in in the form of wages; and (4) attorneys' fees and costs.   Plaintiff's audits and investigation are continuing.  Plaintiff will seek leave of court to amend this Complaint according to proof at the time of trial.  Plaintiff claims said damages, earned but unpaid wages, penalties or assessments, attorneys' fees and costs together with interest thereon at the maximum legal rate, according to proof.

62. The bonds name Plaintiff as the group of persons who may maintain an action on the bond instrument.  The claim is derivative of the Civil Code language plead above and the text of the bond instrument and a claim is not made in this cause of action under Labor Code section 1774 or breach of contract, third party beneficiary.

## FIFTH COUNT
## PENDENT STATE CLAIM

### LABOR CODE § 203.5 PENALTIES

63. Plaintiff incorporates by reference as though fully set forth herein each of the allegations of Paragraphs 1 through 62.

64. Plaintiff made timely claims to SURETY DEFENDANTS ALLEGHENY CASUALTY COMPANY on the above projects as evidenced by Exhibit 2 and subsequent correspondence.

65. Plaintiff is informed and believe and based thereon alleges that they submitted verified claims for wages now due on the PROJECTS. Plaintiff is informed and believe and based thereon alleges that each verified claim was received by SURETY DEFENDANTS, that a demand on the payment of wages due based on a verified claim was made, and that SURETY DEFENDANTS failed to timely pay on the claims.

66. Based on information and belief, SURETY DEFENDANTS looked for excuses to delay payment, made requests for information that was not relevant to the claims, sought information already provided, and took no genuine efforts to promptly pay on the claims made.

67. Under Labor Code § 203.5, SURETY DEFENDANTS, and each of them, are liable to Plaintiff for a penalty of thirty-days of wages at the legally required prevailing wage rate.

68. Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demand such reasonable attorneys' fees and costs as set by the court.

**SIXTH COUNT**
**PENDENT STATE CLAIM**
**ENFORCEMENT OF STOP NOTICES**
**On Behalf of Plaintiff**
**(As Against AWARDING BODY DEFENDANT and GENERAL CONTRACTOR DEFENDANT)**

69. Plaintiff incorporates by reference as though fully set forth herein each of the allegations of Paragraphs 1 through 68.

70. Plaintiff is informed and believes and based thereon alleges that AWARDING BODY DEFENDANT CITY OF MILPITAS is, and at all relevant times herein was the awarding agency for one or more of the PROJECTS plead above.

71. DEFENDANT CITY OF MILPITAS **is** sued because it has retained funds on the Milpitas Sports Center Locker Room Renovation pursuant to the Stop Notice filed at Exhibit 1.

JUSTICE AT WORK
LAW GROUP

72. Wages for the labor performed by the Plaintiff on the PROJECT are due and owing to Plaintiff.

73. On or about July 14, 2014, Plaintiff filed verified Stop Notices with DEFENDANT CITY OF MILPITAS pursuant to the Civil Code.

74. In filing Stop Notices, Plaintiff demanded the awarding body defendants withhold sufficient funds to answer the Plaintiff's claims contained therein.

75. The Stop Notice claimants and amounts have been plead above.  Copies of Said Stop Notice is attached hereto as Exhibit 2 and incorporated into this Complaint.

76. Plaintiff requested DEFENDANT CITY OF MILPITAS withhold additional funds in accordance with California law for the cost of anticipated litigation of the action.  Plaintiff requested Defendants withhold 125% of the Stop Notice amount.

77. Plaintiff is informed and believes and based thereon alleges that when the Public Works Administrator of DEFENDANT CITY OF MILPITAS received the Stop Notices as previously set forth, DEFENDANT CITY OF MILPITAS had in their respective possession funds due or to become due to GENERAL CONTRACTOR DEFENDANTS. Plaintiff seeks relief whereby the Public Works Administrator of DEFENDANT CITY OF MILPITAS be ordered to release these funds to Plaintiff.

78. Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in the prosecution of this action and therefore demand such reasonable attorneys' fees and costs as set by the court.

///

///

///

///

**ATTORNEY FEES AND COSTS**

79. Enforcement of statutory provisions enacted to protect workers and to ensure proper and prompt payment of wages due to employees is a fundamental public interest in California. Consequently, Plaintiff' success in this action will result in the enforcement of important rights affecting the public interest and will confer a significant benefit upon the general public. Private enforcement of the rights enumerated herein is necessary as no public agency has pursued enforcement. Plaintiff is incurring a financial burden in pursuing this action and it would be against the interest of justice to require the payment of any attorney's fees and costs from any recovery that might be obtained herein. As prayed for below, Plaintiff and their counsel of JUSTICE AT WORK LAW GROUP are entitled to and seek an award of attorneys' fees and costs pursuant law including but not limited to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA, the bonding instruments, and other applicable laws.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

1. For compensatory damages for all wages earned but not paid, wages based on prevailing wage underpayments, unpaid compensable wages and all overtime wages earned and not paid in the amount to be proved at trial;

2. For liquidated damages per the FLSA equal to unpaid overtime wages;

3. For all resulting remedies that can be made on the bond plead as Exhibit 1 in this action against SURETY DEFENDANTS including: (a) unpaid wages; (b) accrued interest; (c) penalties or assessments; and (d) attorneys' fees and costs

**FLSA COMPLAINT** 16

4.   For pre-judgment interest of 10% on the unpaid overtime compensation under California Labor Code §§ 1194(a);

5. For "waiting-time" penalties under California Labor Code §203;

6. For an assessment against SURETY DEFENDANTS under California Labor Code §203.5 for its claims handling practices;

7. For reasonable attorney's fees pursuant to the bonding instrument, California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

8.   For earned but unpaid wages as equitable relief under the Unfair Competition Act over a 4 year statute of limitations;

9. For costs of suit herein;

10. For such other and further relief as the Court may deem appropriate.

Dated:   November 3, 2014

Respectfully submitted,

By:   /s/ Tomas Margain

TOMAS MARGAIN
Attorneys for Plaintiff